IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE LEMKE,<br><br>    Plaintiff,<br><br>v.<br><br>JENNER & BLOCK LLP,<br><br>    Defendant. | 24 CV 4075<br><br>**Jury Demand** |

COMPLAINT

Plaintiff DENISE LEMKE, by and through her attorney, JONATHAN LUBIN, hereby Complains of JENNER & BLOCK LLP, stating:

**Parties, Jurisdiction and Venue**

1. This is a civil action brought pursuant to 42 U.S.C. § 2000e.

2. Plaintiff, for the relevant period, was an employee of Defendant, Jenner & Block LLP ("Jenner"), in the Northern District of Illinois.

3. Defendant law firm organized as a limited liability partnership located in the Northern District of Illinois, and for the relevant period was Plaintiff's employer.

4. Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Northern District of Illinois.

**Facts Common to All Counts**

6. Denise Lemke was a Practice Group Assistant at Jenner.

7. Her assignment was to aid John E. Rooney, a partner at the firm, who worked in the area of public utilities. She also provided aid to other attorneys in the firm.

8. When Rooney joined Jenner, he brought Lemke with him. Prior to her termination, Lemke had worked with Rooney for over a decade. The two worked very well together.

9. Plaintiff's work permitted her to do most of her work from outside of the office.

10. When she did come into the office, she had an enclosed office.

11. During the COVID-19 pandemic, Jenner instituted a requirement that all employees vaccinate for COVID-19.

12. Plaintiff objected to vaccinating based upon her religion.

13. She submitted a request for an accommodation from the vaccination policy. That request cited the fact that fetal tissue was used in the development of COVID-19 vaccines. Plaintiff contended, in her written request, that use of the vaccines was "inconceivable" to her in that "abortion is murder." Taking any of the vaccines would therefore "be a mortal sin" in that it would require her to "condone the killing of an unborn child."

14. Plaintiff has held this belief consistently, both with respect to the COVID-19 vaccines and with respect to other vaccines.

15. On March 9, 2022, Jenner denied the request for an accommodation.

16. On information and belief, Jenner granted similar requests for an accommodation that were sought by other employees.

17. On information and belief, Jenner granted similar requests for accommodation that were sought by men, and were sought by people younger than Plaintiff (53 at the time of her termination).

18. As a result of the denial of her request for an accommodation, Plaintiff was terminated on March 22, 2022.

19. Plaintiff received a Right to Sue letter (attached hereto) on February 23, 2024.

## Count I – Discrimination on the basis of religion
## 42 U.S.C. § 2000e

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and

requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

## Count II – Discrimination on the basis of sex
## 42 U.S.C. § 2000e

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

## Count III – Discrimination on the basis of age
## 42 U.S.C. § 2000e

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff demands trial by jury**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

# **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/23/2024

**To:** Miss Denise Lemke
6036 N. Oconto Avenue
CHICAGO, IL 60631
Charge No: 440-2022-06000

EEOC Representative and email:   FATIMA SANDOVAL
Investigator
fatima.sandoval@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2022-06000.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
02/23/2024

Amrith Kaur Aakre
District Director

**Cc:**
Emma J Sullivan
Jenner & Block LLP
353 N CLARK ST STE 4300
Chicago, IL 60654


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2022-06000 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2022-06000 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.